O

# United States District Court
# Central District of California

| | |
|---|---|
| MANUEL CHARKCHYAN,<br><br>        Plaintiff,<br><br>   v.<br><br>EZ CAPITAL, INC.,<br><br>        Defendant. | Case No. 2:14-cv-03564-ODW(ASx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT EZ CAPITAL, INC. [25]** |

## I. INTRODUCTION

On May 8, 2014, Manuel Charkchyan ("Plaintiff"), filed suit against Defendant EZ Capital, Inc., for sending unsolicited advertisements to his cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"). Defendant failed to answer, default was entered, and Plaintiff now moves for entry of default judgment. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.[1] (ECF No. 25.)

---

[1] After carefully considering the papers filed concerning the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL ALLEGATIONS

Plaintiff brought this action against EZ Capital for transmitting advertisements via text message to his cellular telephone in violation of the TCPA. On March 27, 2014, EZ Capital transmitted its first text message to Plaintiff, which read:

> Need help with Cash Flow For your business or simply just some extra working capital? Apply Today, Can Fund Tomorrow, IT'S THAT EZ! CALL NOW! (888) 353-6557

(Charkchyan Decl. ¶ 4, ECF No. 25.) In April 2014, EZ Capital transmitted five more unsolicited advertisements via text message to Plaintiff's cellular telephone. (*Id*. ¶¶ 4-9.) Plaintiff's cellular telephone provider charged him for each text message he received from EZ Capital. (*Id*. ¶ 10.) Plaintiff claims that he never had any contact with EZ Capital prior to receiving these text messages. (*Id*. ¶ 7.) Additionally, Plaintiff alleges that he has never visited any location operated by EZ Capital, that he did not provide his phone number to EZ Capital, and that he had never heard of EZ Capital. (*Id.* ¶ 3.)

On May 8, 2014, Plaintiff filed suit, alleging a violation of the TCPA for EZ Capital's transmission of these unsolicited text messages to his cell phone by an Automatic Telephone Dialing System ("ATDS"). (Compl. ¶¶ 1, 15.) Plaintiff properly served EZ Capital on May 28, 2014, requiring EZ Capital to answer by June 18, 2014. (ECF No. 9.) Proof of Service for EZ Capital was filed on July 22, 2014. (*Id.*) After EZ Capital failed to appear or otherwise respond to the Complaint, Plaintiff requested an entry of default, which the Clerk of Court entered according to Federal Rule of Civil Procedure 55(a) on March 16, 2015. (ECF No. 22.) On March 23, 2015, Plaintiff moved for default judgment. (ECF No. 25.) That Motion is now before the Court for consideration.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a).  Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice.

A district court has discretion whether to enter default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### IV.  DISCUSSION

**A.  Notice**

Plaintiff properly served EZ Capital on May 28, 2014.  (ECF No. 9.)  Federal Rule of Civil Procedure 4(h)(1)(B) provides that a corporation may be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or other agent authorized by law to receive service of process.  Fed. R. Civ. P. 4(h)(1)(B).  Plaintiff's process server delivered copies of the Summons and Complaint

on May 28, 2014 to Marie Paska, Corporate Operations Manager of EZ Capital, in compliance with federal law. (ECP No. 18.)

Additionally, on March 23, 2015, Plaintiff's process server mailed copies of: (1) Plaintiff's Notice of Default; (2) Memorandum of Points & Authorities; (3) Plaintiff's Declaration in support of Default Judgment; (4) Plaintiff attorney's Declaration in Support of Plaintiff's Motion for Default Judgment, and (5) the Proposed Order Granting Plaintiff's Request to Enter Default Judgement. (ECF No. 18.) Since Plaintiff's process server performed all requirements provided by Rule 55(h)(1)(A), service was proper.

**B.** *Eitel* **Factors**

Upon entry of default, "well-pled allegations in the complaint regarding liability are deemed true." *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Moreover, the Court finds that the *Eitel* factors weigh in favor of granting default judgment. Accordingly, each factor will be addressed in turn.

*1.     Plaintiff Would Suffer Prejudice*

If the Court does not grant default judgment, the case will be at a standstill. EZ Capital had ample opportunity to participate in the adjudicatory process and help the Court resolve this matter but has apparently elected not to do so. Therefore, this factor favors default judgment.

*2.     Plaintiff Has Brought Meritorious Claims*

Upon violation of the TCPA, an aggrieved person may bring an action against a violating party for the appropriate court (1) to enjoin such violation; (2) to subject the violating party to actual monetary loss from a violation or to receive $500.00 in damages for each violation, whichever is greater; or (3) both such actions. 47 U.S.C. § 227(b)(3).

The TCPA provides:

> (A) It shall be unlawful for any person within the United States, or any person outside of the United States if the

>recipient is within the United States, to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
>(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C § 227 (b)(1)(A)(iii). To succeed in his TCPA claim, Plaintiff must establish: (1) the text messages EZ Capital sent to his cell phone were placed using an ATDS; (2) he was the "called party" as defined by the TCPA; (3) EZ Capital did not have his consent to place the calls at issue; and (4) he is entitled to statutory damages under the TCPA.

First, Plaintiff alleges that the text messages he received from EZ Capital were placed by using an ATDS as specified by the TCPS, 47 U.S.C. § 277(a)(1). (Compl. ¶ 15.) Congress defines an ATDS as "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. (*Id.*) A text message is a "call" under the TCPA. *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009). In proving a defendant's use of ATDS under the TCPA, courts have recognized the difficulty a plaintiff faces in knowing the type of calling system the defendant used without the benefit of discovery. *Haghayeghi v. Guess?, Inc.,* No. 14CV00020 JAH-NLS, 2015 WL 1345302, *4 (S.D. Cal. 2015). Therefore, Plaintiff's description of the received messages as being formatted in SMS short code, "670-76," and the impersonal manner that the texts were scripted support a reasonable inference that the text messages were sent using an ATDS. (Charkchyan Decl. ¶ 4); *see also Kazemi v. Payless Shoesource Inc.,* No. 09-5142, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010) (finding similar allegations stated a claim under the TCPA).

1    Second, under the TCPA, a "called party" has been interpreted to refer to the telephone subscriber. *Gutierrez v. Barclays Group,* No. 10CV1012, 2011 WL 579238, at *4 (S.D. Cal. Feb. 9, 2011). Plaintiff states that he was "the regular user and subscriber to the cellular telephone number at issue." (Charkchyan's Decl. ¶ 1.) Accordingly, Plaintiff is the "called party" and has standing to sue for violations under the TCPA. *See Gutierrez,* 2011 WL 579238, at *4.

Third, under the TCPA, "prior express consent" is "consent that is clearly and unmistakably stated." *Satterfield,* 569 F.3d at 955. "Prior express consent of the called party" is an affirmative defense for which the defendant bears the burden of proof. *Haghayeghi,* 2015 WL 1345302, at *4. Plaintiff claims (1) he is the current subscriber to the cellular telephone at issue; (2) he has never heard of EZ Capital; (3) he has never visited any location operated by EZ Capital; and (4) he has never provided his cellular number to EZ Capital, nor consented to receiving calls from EZ Capital. (Charkchyan Decl. ¶ 3.) Therefore, because EZ Capital failed to produce any evidence that it had Plaintiff's consent to call his cellular telephone, the Court finds this element has been established.

Lastly, as stated above, 47 U.S.C. § 227(b)(3)(B) provides that a person may, if permitted by the laws and rules of court of a State, bring in an appropriate court of that State, an action to recover for actual monetary loss from such a violation, or damages of $500.00 for each violation, whichever is greater. Here, EZ Capital violated the TCPA by transmitting six text messages to Plaintiff's cellular phone using an ATDS without his prior express consent. (Compl. ¶¶ 14, 15.) Because Plaintiff's allegations are taken as true on default, the Court finds Plaintiff satisfied his burden to show EZ Capital violated the TCPA and is entitled to $3,000.00 in damages.

/ / /
/ / /
/ / /
/ / /

### 3. *The Plaintiff Pleads Sufficient Facts in Support of Default Judgment*

As stated above, Plaintiff has pleaded sufficient facts to satisfy his burden to show that EZ Capital violated the TCPA. Because EZ Capital has failed to respond to Plaintiff's allegations, this factor weighs in favor of default judgment.

### 4. *The Amount at Stake Weighs in Favor of Default Judgment*

"The fourth *Eitel* factor balances 'the amount of money at stake in relation to the seriousness of the [d]efendant's conduct.'" *Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998 (C.D. Cal. 2014) (quoting *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002)). Plaintiff requests $3,000.00 in total. (ECF No. 1.) This sum reflects the six TCPA violations by EZ Capital. Statutory damages of up to $500.00 for each violation are available to a plaintiff under the TCPA. 47 U.S.C. § 227(b)(3)(B). Thus, the amount at stake is proportional to EZ Capital's conduct. Accordingly, the Court finds this factor weighs in favor of default judgment.

### 5. *There is No Possibility of Dispute as to Material Facts*

Plaintiff adequately alleged EZ Capital violated the TCPA. Since EZ Capital failed to respond in any way to Plaintiff's Complaint, it forfeited any challenge to the material facts alleged in Plaintiff's pleading. *See PepsiCo*, 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages"). Accordingly, "no factual disputes exist that would preclude the entry of default judgment." *Vogel*, 992 F. Supp. 2d at 1013.

### 6. *There is Little Possibility Default was Due to Excusable Neglect*

As discussed earlier, Plaintiff's process server properly served EZ Capital with the Complaint and Summons pursuant to Federal Rule of Civil Procedure 4(h)(1)(B). (ECF No. 18.) Plaintiff then filed the instant Motion and served EZ Capital by U.S. mail and email. (ECF No. 25.) EZ Capital has not filed an opposition. This leaves little possibility that default was due to excusable neglect.

/ / /

/ / /

### 7. *Policy for Deciding on the Merits Weighs in Favor of Granting Default Judgment*

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where, as is the case here, the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177 ("Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). Accordingly, the Court finds that this factor does not preclude entry of default judgment.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 25.) The Court **AWARDS damages** against EZ Capital in the amount of $3,000.00 for violation of the Telephone Consumer Protection Act. A separate judgment will issue.

**IT IS SO ORDERED.**

June 11, 2015

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**